UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR KEEYLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02395-TWP-DLP |
| | ) | |
| PAUL TALBOT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.
## The Complaint

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Dr. Paul Talbot, Corizon Medical Services ("Corizon"), Wexford Health Services ("Wexford"), Jennifer Schurman, and Health Services Administrator LaFlowers. The plaintiff alleges that Dr. Talbot knowingly delayed and provided ineffective treatment for the plaintiff's MRSA, which caused him unnecessary suffering. He further alleges that Dr. Talbot did this at least in part to fulfill his employer's—Corizon and then Wexford—goal of minimizing costs, which causes inmates to receive ineffective medical treatments.

## III.
## Discussion of Claims

Based on the plaintiff's allegations, certain claims shall proceed in this action while others must be dismissed.

First, the plaintiff's claims against Jennifer Schurman are **dismissed**. The plaintiff alleges that she denied him access to the grievance process, which prevented him from completing the grievance process with respect to the claims brought in this action. This is insufficient to state a constitutional violation. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (citations omitted). Although the denial of access to the grievance process could assist the plaintiff in overcoming any exhaustion defense raised by the defendants, the denial of the process does not amount to a standalone constitutional violation.

Second, the plaintiff's claims against Health Services Administrator LaFlowers are **dismissed**. Although the plaintiff provides the generic allegation that she failed to provide him proper medical treatment, he does not provide any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. His only factual allegation regarding her is that she "attempted to assist Plaintiff in getting the medical care for his chronic condition that Dr. Talbot ignored and/or refused to treat." Dkt. 2 at 5.

The following claims, however, **shall proceed** in this action:

- An Eighth Amendment medical claim against Dr. Paul Talbot;
- Eighth Amendment policy or practice medical claims against Corizon and Wexford.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through December 6, 2018,** in which to identify those claims.

## IV.
### Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Dr. Paul Talbot; (2) Corizon Medical Services; and (3) Wexford Health Services in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/8/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Paul Talbot
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton, IN 46064

Corizon Medical Services
3737 N. Meridian St.
Indianapolis, IN 46208

Wexford Health Services
c/o Registered Agent Douglas P. Long
500 N. Meridian St., Suite 400
Indianapolis, IN 46204


Courtesy Copies by U.S. Mail:

Doug Bitner
Katz Korin Cunningham
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204-1708

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250