UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| VICTOR KEEYLEN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-02395-JPH-DLP |
| PAUL TALBOT, et al. | ) | |
| Defendants. | ) | |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Victor Keeylen, an inmate currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"), brought this action against medical providers and other employees at Wabash Valley. He alleges that defendant Dr. Paul Talbot has and continues to provide deficient medical treatment for his Methicillin-resistant Staphylococcus aureus ("MRSA"). Presently before the Court is Mr. Keeylen's motion for a preliminary injunction. He asks the Court to order him sent to the hospital for medical testing and to be provided all other necessary medical care. For the reasons explained below, Mr. Keeylen's motion for a preliminary injunction is denied.

## I.
## Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

1

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018)). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

## II.
## Discussion

The Court's analysis begins and ends with the first threshold factor—whether Mr. Keeylen has a likelihood of success on the merits of his Eighth Amendment medical claim. Mr. Keeylen was and remains a convicted prisoner; thus his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016)

(en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.*

Mr. Keeylen has been diagnosed with both MRSA and Eczema. The parties do not dispute, at least for purposes of this motion, that MRSA and Eczema are objectively serious medical conditions. But they dispute whether Defendants are acting with deliberate indifference toward them. Mr. Keeylen states in his motion that "anyone who has seen [his] body can visibly see that [he] suffers fro[m] random rashes, reoccurring boils, blurry vision, complications from lower leg swelling, pain and more." Dkt. 83 at 1. He states further that he "repeatedly tried to get medical care from the defendants, [but] they have been willful, and deliberately indifferent to Plaintiff's medical condition to the point that it now may be life-threatening."[1] *Id.* at 2.

Defendant Dr. Paul Talbot, who is familiar with Mr. Keeylen's treatment, explains in his affidavit that MRSA is an infection that "can be treated and cured, [while] Eczema is a lifelong condition that is managed rather than cured." Dkt. 87-1 at 1. But each condition complicates the treatment for the other. Dr. Talbot explains, "[t]he typical treatment for Eczema is steroids," but "overuse of steroids can lead to or exacerbate MRSA by suppressing the immune system." *Id.*

---

[1] Mr. Keeylen's motion for preliminary injunction is not sworn under penalty of perjury and thus does not constitute evidence. *Cf. Rowe v. Gibson*, 798 F.3d 622, 627 (7th Cir. 2015) (holding that a pro se prisoner's attestations in his verified complaint and declarations constitute competent evidence and "must be credited"); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("By declaring under penalty of perjury that the [response] was true, . . . [the plaintiff] converted the [response], or rather those factual assertions in the [response] that complied with the requirements for affidavits specified in the rule . . . into an affidavit." (citation and quotation marks omitted)). This lack of evidence is alone a sufficient basis to deny Mr. Keeylen's motion. But even if it was sworn, Mr. Keeylen would still not be entitled to a preliminary injunction for the reasons discussed herein.

Regarding Mr. Keeylen's current condition, Dr. Talbot explains that Mr. Keeylen "does not currently have an active diagnosis of skin MRSA." *Id.* at 2. Dr. Talbot acknowledges that Mr. Keeylen was diagnosed with MRSA in April 2018, but attests that "Mr. Keeylen's skin MRSA condition . . . resolved after he was decontaminated and provided various antibiotics." *Id.* Ultimately, Dr. Talbot concludes that "[b]ecause Mr. Keeylen does not have an active diagnosis of skin MRSA, a referral to a dermatologist or infectious disease specialist is not medically indicated at this time." *Id.*

During the same period, Mr. Keeylen was, and continues to be, treated for Eczema. *Id.* Specifically, Mr. Keeylen was prescribed Triamcinolone, which is "a topical corticosteroid [that] Mr. Keeylen has been instructed to apply twice per day to the affected areas." *Id.*

Mr. Keeylen has not presented any evidence disputing Dr. Talbot's testimony regarding Mr. Keeylen's MRSA and Eczema and the medical treatment he has received for each. The undisputed evidence thus shows that Mr. Keeylen received effective treatment for his MRSA, which was cured, and is currently receiving treatment for his Eczema, which is a "lifelong condition that is managed rather than cured." Dkt. 87-1 at 1. For there to be any likelihood that Mr. Keeylen can establish that Defendants were deliberately indifference to his medical condition, he must "provide evidence that [a defendant] *actually* knew of and disregarded a substantial risk of harm." *Petties*, 836 F.3d at 728. Not only has he not produced such evidence, Defendants' undisputed evidence shows the opposite: they have cured his MRSA and are presently treating his Eczema, which can only be managed, not cured.

Mr. Keeylen resists this conclusion in his reply. He points the Court to Dr. Talbot's statements regarding the simultaneous treatment of MRSA and Eczema to argue that Dr. Talbot overprescribed steroids, which caused Mr. Keeylen to contract MRSA. *See* dkt. 93 at 1-3. As an

4

initial matter, Mr. Keeylen does not present any evidence that this occurred.  He relies solely on Dr. Talbot's statement that it can occur.  But even if the steroids prescribed for Mr. Keeylen's Eczema caused him to contract MRSA, he is still not entitled to the preliminary injunction for at least two reasons.  First, evidence that steroids can cause MRSA, by itself, is not evidence that Dr. Talbot or any other Defendant was deliberately indifferent to either condition.  As Dr. Talbot explained, "[t]he two conditions—skin MRSA and Eczema—complicate the course of treatment for both conditions."  Dkt. 87-1 at 1.  Merely because the treatment for one condition caused another does not establish that Dr. Talbot acted with deliberate indifference to that possibility.  Second, the undisputed evidence discussed above reveals that Mr. Keeylen's MRSA is cured.  Thus, even if the steroids led to MRSA, there is no basis to enter the preliminary injunction requested by Mr. Keeylen—to send him to a hospital for further testing—because Mr. Keeylen's medical status is known.  Specifically, his MRSA has been cured and his remaining condition, Eczema, is being treated.

In sum, Mr. Keeylen has not presented any evidence that he has a likelihood of success on the merits of his Eighth Amendment medical claim, as there is no evidence that Defendants have acted with deliberate indifference to his medical conditions.  Mr. Keeylen's motion for preliminary injunction is therefore denied on this basis, and the Court need not reach the other preliminary injunction factors.  *See GEFT Outdoors*, 922 F.3d at 367-68 ("[S]ince [Plaintiff] has no likelihood of success on the merits of this claim, there was no need for the district court to conduct further analysis of the 'threshold phase' for preliminary injunctive relief, or to move to the 'balancing phase.'"); *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) ("If it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms." (citation omitted)).

5

## III.
## Conclusion

For the reasons explained above, Mr. Keeylen's motion for preliminary injunction, dkt. [83], is **denied**.

**SO ORDERED.**

Date: 8/16/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com