UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02395-JPH-DLP |
| | ) |
| PAUL TALBOT, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Denying Plaintiff's Motions to Exclude Medical Defendants' Experts and Denying Plaintiff's Request to Appoint a Neutral Expert**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that he has received constitutionally deficient medical care for his Methicillin-resistant Staphylococcus aureus ("MRSA"). Presently pending before the Court are Plaintiff's three motions to exclude Medical Defendants' experts or, in the alternative, to appoint a neutral expert. Plaintiff's first two motions were filed before Medical Defendants disclosed their experts and are thus denied as premature. The third motion, however, was properly filed and is fully briefed.

**I.**

Defendants disclosed Dr. Paul Talbot, a defendant in this action, and Dr. Michael Mitcheff as their experts. Plaintiff seeks exclusion of these experts on different bases. After briefly setting forth the law governing the admission of expert testimony, the Court will address each expert in turn.

"Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579 (1993), govern the admission of expert testimony in federal courts." *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. *Daubert* provides "several guideposts for determining reliability," although the "list is neither exhaustive nor mandatory." *Textron*, 807 F.3d at 835. "Ultimately, reliability is determined on a case-by-case basis." *Id.*

First, Plaintiff seeks to exclude Dr. Mitcheff on the ground that he has not treated Plaintiff and thus has no personal knowledge of Plaintiff's medical condition or the treatment provided for it. But personal knowledge is not a requirement for expert testimony. *See* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (noting that expert testimony can be based on "professional studies or personal experience"). This is therefore not a basis to exclude Dr. Mitcheff as an expert.

Second, Plaintiff seeks to exclude Dr. Talbot on the ground that he is a defendant in the case and thus will present biased testimony. The Seventh Circuit, however, has concluded that parties or other biased persons can serve as expert witnesses. *See Braun v. Lorillard, Inc.*, 84 F.3d 230, 237-38 (7th Cir. 1996) ("A litigant, or a litigant's CEO, or sole stockholder, or mother, or daughter is not, by reason of his or her or its relation to the litigant, disqualified as an expert witness."); *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988) ("Rule 702 of the Federal Rules of Evidence, which governs the qualification of expert witnesses, is latitudinarian, and nothing in its language suggests that a party cannot qualify as an expert[.]"). Moreover, nothing in Rule 702 or *Daubert* suggests that experts must be unbiased to qualify as an expert.

Plaintiff is correct that the Seventh Circuit viewed askance this practice in *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015). Specifically, the Seventh Circuit stated that the district court in *Rowe* "erred not only by giving undue weight to the [defendant-doctor's] internally contradictory affidavit but also by relying on a defendant . . . as the expert witness." *Id.* at 630.

The Court, however, views the conclusion in *Rowe* as driven in large part by the defendant-doctor's suspect testimony in that case. The Seventh Circuit detailed numerous problems with the testimony of the defendant-doctor in *Rowe*. *See, e.g., id.* at 625 (noting that the defendant-doctor prescribed the plaintiff a drug the defendant-doctor himself said the plaintiff did not need but prescribed it as a "courtesy"); *id.* (noting that the defendant-doctor's testimony regarding the drug at issue was contradicted by the drug manufacturer); *id.* at 627 (describing the defendant-doctor's testimony as "highly vulnerable" because he was "not a gastroenterologist," prescribed the plaintiff a drug but testified he "didn't need it," and "opined with confidence about what [the plaintiff] needed or didn't need—yet never examined him—and offered no basis for his off-the-cuff medical opinion"). It later concluded that the district court "failed to play the role envisaged in *Daubert*" when it did not exclude the unreliable expert testimony. *Id.* at 633.

If, as in *Rowe*, Dr. Talbot's testimony in this case is similarly suspect, the Court can evaluate whether his testimony should be excluded under *Daubert* at that time. At this point, however, the substance of Dr. Talbot's testimony is unknown. Dr. Talbot has not moved for summary judgment nor is this case near trial. Because there is no bright-line prohibition against parties serving as experts, the Court will not exclude Dr. Talbot's testimony at this time.

## II.

Plaintiff requests in the alternative for the Court to appoint a neutral expert under Federal Rule of Evidence 706. He argues that a Rule 706 expert is necessary to ensure that the Court receives unbiased expert medical testimony.

Rule 706 permits the Court to appoint a neutral expert witness "that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). The purpose of this rule is to allow the Court to obtain neutral expert testimony when "scientific or specialized knowledge will help the court to understand the evidence or decide a disputed fact." *Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). The Court "need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) (citations omitted); *see Dobbey v. Carter*, 734 Fed. Appx. 362, 364-65 (7th Cir. 2018) ("Federal Rule of Evidence 706 allows appointment of an expert witness if necessary to help the court understand the issues, not to assist a party in preparing his case." (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997)).

Plaintiff has not set forth a specific need for a Rule 706 expert other than his concerns that Medical Defendants' experts will be biased. But one party's concerns over bias are not a basis to appoint a Rule 706 expert. *See Dobbey*, 734 Fed. Appx. at 364-65; *Turner*, 569 Fed. Appx. at 468. Nor does the Court discern a need for a Rule 706 expert at this time. Plaintiff's medical claims regarding the treatment for his MRSA appear relatively straightforward such that the Court will be able to understand the medical evidence presented to resolve them. Should this change, the Plaintiff may renew his request for the Court to appoint a Rule 706 expert.

**III.**

Plaintiff's first two motions to exclude expert testimony, dkt. [85], dkt. [96], are **denied** as premature, and Plaintiff's third motion to exclude expert testimony or, in the alternative, appoint a neutral expert, dkt. [97], is **denied**.

The Court notes that certain of Plaintiff's motions include multiple requests for relief. For example, his most recent motion to exclude expert testimony includes the unrelated request that the Court order Defendants to notify Plaintiff whether they received evidence he sent them. As explained in the Notice to Pro Se Litigants issued in this action on November 8, 2018, Local Rule 7-1(a) "requires motions to 'be filed separately,' meaning multiple requests may not be contained in a single motion." Dkt. 17 at 1. Plaintiff violated this requirement by filing this motion and others containing multiple, unrelated requests. The Court will only consider the primary request made in each motion consistent with Local Rule 7-1(a). All other requests in these motions are **denied without prejudice**.

**SO ORDERED.**

Date: 10/25/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

5

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com