UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02395-JPH-DLP |
| ) | |
| PAUL TALBOT, ) | |
| CORIZON MEDICAL SERVICES, ) | |
| WEXFORD OF INDIANA, LLC, ) | |
| JERRY GILLEY, ) | |
| CAROLYN MYERS, ) | |
| SAMANTHA ALBERSON, ) | |
| Mrs. LAFLOWERS, ) | |
| DANIELLE THOMPSON, ) | |
| REBECCA DAVIS, ) | |
| JONATHAN GRIMES, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING SECOND AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

As explained in the Entry of January 6, 2020, plaintiff Victor Keeylen's motion to amend, dkt. 189, was **granted** and he was given a period of time to file a Second Amended complaint in this consolidated action. Mr. Keeylen was specifically instructed that the "consolidated matter will proceed based on that Second Amended Complaint. Mr. Keeylen should include the Eighth Amendment claims raised in all three consolidated cases in his Second Amended Complaint." Dkt. 199. After an extended period of time, the Second Amended Complaint was filed on March 24, 2020. *See* dkt. 218, dkt. 221.

**I. Second Amended Complaint**

The Second Amended Complaint alleges that Mr. Keeylen's Eighth Amendment rights have been violated while an inmate at Pendleton Correctional Facility. Mr. Keeylen alleges that

1

from March 2017 through late 2018, he was denied effective treatment for his MRSA which caused unnecessary suffering. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks money damages and injunctive relief, specifically an order directing the defendants to send him to an outside specialist and to then follow the specialist's recommendations. The claims against each of the ten defendants can be summarized as follows.

- Dr. Talbot is allegedly liable for delaying or denying effective treatment for Mr. Keeylen's MRSA. In particular, Dr. Talbot allegedly repeatedly prescribed medications that the plaintiff is allergic to has a resistance to despite other doctors' orders that these medications be discontinued. As a result, the plaintiff has suffered severe skin damage.

- Officer Myers allegedly refused to provide Mr. Keeylen with decontaminated items from the laundry which left him with soiled bedding and clothing for months.

- Mrs. Albertson failed to properly quarantine other inmates with MRSA, which led to the plaintiff contracting MRSA. She also allegedly failed to immediately seek medical care for the plaintiff.

- Captain Gilley allegedly refused to respond to the plaintiff's requests for medical care and instructed other correctional officers to stop seeking medical assistance for the plaintiff.

- Corizon Medical Services and Wexford of Indiana, LLC, are allegedly liable to the plaintiff because they failed to hire enough medical providers to provide appropriate care. In addition, their wait list policies allegedly resulted in the plaintiff receiving delayed treatment and improper care. Finally, the plaintiff states that Corizon and Wexford hired Dr. Talbot knowing that he would provide deficient medical care in an effort to save money.

- Nurse D. Thompson and Nurse R. Davis allegedly failed to properly treat the infection on plaintiff's right ear and lower right leg that developed in September 2018. As a result, the infection spread.

- Mrs. M. LaFlowers allegedly filed to authorize necessary treatment and failed to intervene to procure proper care on the plaintiff's behalf.

- Mr. J. Grimes allegedly delayed and provided ineffective treatment or no treatment at all for the plaintiff's MRSA as the ICC (Infectious Disease Control Specialist). At the defendants' request, dkt. 222, the plaintiff filed a more definite statement of his claim against Mr. Grimes. The plaintiff alleges that Mr. Grimes was the infectious disease control specialist at Pendleton Correctional Facility between January 1, 2017, and April 25, 2018, and during this time he failed to properly arrange for care of the plaintiff's MRSA. Dkt. 224.

## II. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Applying the facts alleged in the second amended complaint to the screening standard, the Eighth Amendment claims based on the theory that the defendants provided Mr. Keeylen with constitutionally deficient care for his MRSA infection, **shall proceed** as submitted against all 10 defendants.

## III. Service of Process

Jonathan Grimes has not yet appeared in this action. Counsel for Wexford of Indiana, LLC, shall have **seven days** from the date this Entry is docketed to either enter an appearance on behalf of Mr. Grimes or to provide his last known address.

The last known address may be submitted *ex parte*.

**SO ORDERED.**

Date: 6/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

4