UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR KEEYLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02395-JPH-DLP |
| | ) | |
| PAUL TALBOT, | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| JERRY GILLEY, | ) | |
| CAROLYN MYERS, | ) | |
| SAMANTHA ALBERSON, | ) | |
| Mrs. LAFLOWERS, | ) | |
| DANIELLE THOMPSON, | ) | |
| REBECCA DAVIS, | ) | |
| JONATHAN GRIMES, | ) | |
| DALE PLUMBER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The plaintiff has moved for the appointment of counsel. As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting

*Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

The plaintiff's motion for counsel, dkt [279], is **granted** to the limited extent that the Court will attempt to recruit counsel to assist the plaintiff for the limited purpose of pursing settlement. The plaintiff and defendants Paul Talbot, M.D., Wexford of Indiana, LLC, Rebecca Davis, RN, Michelle LaFlower, RN, Danielle R. Thompson, RN, and Johnathon Grimes, LPN, have indicated that a settlement conference would be beneficial in resolving this action at this time. The parties will be notified when counsel is identified.

The plaintiff's motion to submit additional interrogatories after counsel is recruited, dkt [293], is **denied.** The plaintiff is a frequent litigator in this court and has demonstrated that he is competent to draft interrogatories on his own. If this action does not settle, the plaintiff may renew his motion for the appointment of counsel by filling out the form motion for assistance with recruiting counsel that the Court will send to him along with his copy of this Order.  The form requests the information necessary for the Court to make a determination on the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. In addition, the discovery deadline for additional interrogatories remains December 8, 2020. Dkt. 234.

The "Plaintiff's Motion for Partial Void of DKT #293 Regarding Counsel," dkt [299], is **denied as duplicative** of docket numbers 279 and 293.[1]

---

[1] The Motion is understood to seek a settlement conference, request counsel for those claims which do not settle, and obtain permission to service additional requests for interrogatories and requests for admission only after his request for counsel is resolved. Those requests were previously considered.

The clerk is **directed** to send the plaintiff a motion for assistance recruiting counsel form with his copy of this Order.

**SO ORDERED.**

Date: 11/24/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel