UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02395-JPH-DLP |
| | ) |
| JERRY GILLEY, | ) |
| CAROLYN MYERS, | ) |
| SAMANTHA ALBERSON, | ) |
| DALE PLUMBER, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Victor Keeylen, a state prisoner, alleges that from March 2017 through late 2018, he was denied effective treatment for a MRSA[1] infection and other skin conditions which caused unnecessary suffering. His claims are brought pursuant to 42 U.S.C. § 1983. Medical provider defendants were recently dismissed, dkts. 376 and 377, and the remaining claims are against custody staff: Samantha Alberson, Jerry Gilley, Carolyn Myers, and Dale Plumber (the "State Defendants"). Mr. Keeylen alleges that (1) Ms. Alberson failed to properly quarantine other inmates with MRSA, which led to Mr. Keeylen contracting MRSA, and failed to immediately seek medical care for Mr. Keeylen; (2) Captain Gilley refused to respond to Mr. Keeylen's requests for medical care, and instructed other correctional officers to stop seeking medical assistance for Mr. Keeylen; (3) Officer Myers refused to provide Mr. Keeylen with decontaminated items from the laundry, which left Mr. Keeylen with soiled bedding and clothing for months; and (4) Mr. Plumber and Officer Meyers failed to comply with a dermatologist's orders issued May 3, 2018, to wash

---

[1] MRSA is an acronym for Methicillin-resistant *Staphylococcus aureus*, a type of bacteria that is resistant to several antibiotics.

1

Mr. Keeylen's clothing separately with hypoallergenic detergent due to possible chronic contact dermatitis. Dkt. 276 at pgs. 2-3.

The State Defendants seek summary judgment, arguing that Mr. Keeylen has not designated evidence demonstrating that any of the State Defendants were deliberately indifferent to his serious medical needs. In response, Mr. Keeylen filed five documents. Dkt. 370 (response brief); dkt. 371 (declaration); dkt. 372 (submission of exhibits); dkt. 374 (declaration); and dkt. 375 (submission of list of exhibits). The State Defendants did not reply. For the reasons explained below, the State Defendants' motion for summary judgment, dkt. [348], is **granted.**

## I.
## SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). "Though the movant bears the burden of showing that summary judgment is appropriate, the non-moving party 'may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence.'" *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020) (*quoting Warsco v. Preferred Tech. Grp.*, 258 F.3d 557, 563 (7th Cir. 2001)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[S]ummary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). "Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." *Id.* (citing *Packer v. Tr. of Indiana Univ. Sch. of Med.*, 800 F.3d 843, 847 (7th Cir. 2015)).

A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant*, 870 F.3d at 573−74. (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3). "Indeed, we have repeatedly held that it is not the responsibility of the district court to dig through the record to find evidentiary support for a party's summary judgment arguments." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, -- F.3d --, No. 20-1268, 2021 WL 1538233, at *5 (7th Cir. Apr. 20, 2021).

## II.
## FACTS

The limited facts provided by the State Defendants are as follows: Mr. Keeylen was transferred to the Pendleton Correctional Facility around December 30, 2016, and he was enrolled in the facility's chronic care clinic. Dkt. 341-3, pp 1, 10, 11.[2] In March of 2017, Mr. Keeylen began suffering from a medical condition. Dkt. 75 at p. 3.[3] Prior to March 31, 2017, the Indiana Department of Correction ("IDOC") contracted Corizon to provide medical care to offenders in IDOC. Dkt. 341-1, ¶3. On April 1, 2017, Wexford of Indiana, LLC took over the contract and began providing care to offenders within IDOC. *Id.* Dr. Talbot's affidavit describes the frequency

---

[2] State Defendants cite to Mr. Keeylen's amended complaint, docket number 75 at pages 6 and 10 for the proposition that the State Defendants are not medical care providers and that they were laypersons and employees of the Department of Correction. The record cited is not "evidence" of these proposed facts. First, even though Mr. Keeylen signed his amended complaint under penalty of perjury, he does not have first-hand knowledge to qualify him to testify as to these facts. Second, Mr. Plumber is not mentioned on the referenced pages.

[3] The State Defendants' Statement of Material Facts Not in Dispute relays that Samantha Alberson ran Pendleton Correctional Facility's PLUS program and that she failed to quarantine members of the PLUS program. The page cited, dkt 75 at p. 5, does not support these facts.

3

of Mr. Keeylen's medical visits and treatments, which began in March of 2017 and continued until January of 2019. *Id.* at ¶¶ 9-60.

The only fact listed in the facts section of Mr. Keeylen's response is: "Plaintiff's claims against all defendants were filed by the Plaintiff and allowed to proceed as Eighth Amendment claims." Dkt. 370 at p.1. Local Rule 56-1 provides that "[t]he response must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." L.R. 56-1(b); dkt 347 (Notice to Pro Se Litigant). This Court is entitled to enforce its local rules, even against *pro se* litigants. *Maddox v. State Auto Prop. & Cas. Ins. Co.*, 638 F. App'x 533, 534 (7th Cir. 2016). The Court declines to review the argument section of Mr. Keeylen's brief and his other related submissions to search for evidence that could support his claims.

### III.
### DISCUSSION

The State Defendants argue that they are entitled to summary judgment because Mr. Keeylen cannot show that they were deliberately indifferent to his medical needs and because they are entitled to rely on medical staff to provide appropriate medical treatment to Mr. Keeylen. Dkt. 349 at p. 6-7. In response, Mr. Keeylen must set forth evidence upon which a trier of fact could conclude that his Eighth Amendment rights were violated. "Of course, a lack of evidence rarely favors the plaintiff, who cannot stave off summary judgment with speculation . . . ." *Kotaska v. Fed. Express Corp.*, 966 F.3d 624, 630 (7th Cir. 2020); *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017) (summary judgment was appropriate where plaintiff lacked evidence to support his claim).

Mr. Keeylen asserts an Eighth Amendment deliberate indifference claim against the defendants. At all times relevant to his claims, he was a convicted offender. Accordingly, his

4

medical treatment and conditions of confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "To determine if the Eighth Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc).

"[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotations omitted).

The State Defendants are entitled to judgment as a matter of law because Mr. Keeylen has failed to meet his burden of presenting admissible evidence upon which a jury could conclude that any of the State defendants were deliberately indifferent to his skin conditions. He has not presented any evidence that he suffers from an objectively serious medical condition, or that any of the individual defendants were deliberately indifferent to that condition. *See Petties*, 836 F.3d

5

at 727–28. The State Defendants' submission is sparse, but the moving party has no obligation to bring evidence in the form of affidavits or other information to demonstrate the absence of a genuine issue of material fact. *Celotex Corp v. Catrett,* 477 U.S. 317 (1986). In fact, "there exist[s] 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponents claim.'" *Id*. at 323 (emphasis in original) (as cited in *Spierer v. Rossman*, 798 F.3d 502, 507-508 (7th Cir. 2015)).

Mr. Keeylen "did not comply with the summary judgment rules, of which he had sufficient notice, that required him to cite his evidence." *McCaa v. Hamilton*, 959 F.3d 842, 846 (7th Cir. 2020). In the absence of evidence to support his Eighth Amendment claims of deliberately indifference, the State Defendants are entitled to judgment as a matter of law. Given this outcome, the State Defendants' qualify immunity defense need not be considered. *See* dkt. 349 at 14-16.

## IV.
## CONCLUSION

There is no evidence that the defendants have violated Mr. Keeylen's constitutional rights. Accordingly, the motion for summary judgment, dkt. [348], is **GRANTED**. Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 5/4/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

James D. Masur, II
ROBERT W. YORK & ASSOCIATES
jdmasur@york-law.com

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com